UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DEVAN FULLER,

        CASE NO.:

    Plaintiff,

vs.

JM OF FOPO, LLC, a Florida Limited Liability
Company d/b/a JERSEY MIKE'S SUBS; and
WILLIAM G. MICCO, JR., Individually.

    Defendants.
_____/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DEVAN FULLER ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, JM OF FOPO, LLC, a Florida Limited Liability Company d/b/a JERSEY MIKE'S SUBS ("JM FOPO"); and WILLIAM G. MICCO, JR. ("MICCO"), Individually (collectively "Defendants"), to recover from Defendants overtime pay as required by the Fair Labor Standards Act ("FLSA"), and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), and 28 U.S.C. §§ 2201-2202.

3. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part

of the same case or controversy and arise out of the common nucleus of operative facts as his overtime claims.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this district.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of St. Lucie County, Florida.

6. At all times material hereto, JM FOPO was, and continues to be, a Florida Limited Liability Company. Further, at all times material hereto, Defendant JM FOPO was, and continues to be, engaged in business in St. Lucie County, Florida.

7. Based on information and belief, at all times material hereto, Defendant MICCO was, and continues to be, a resident of St. Lucie County, Florida.

8. Based on information and belief, at all times material hereto, MICCO managed and operated JM FOPO.

9. At all times material hereto, Defendant MICCO regularly held and exercised the authority to: (a) hire and fire employees of JM FOPO; (b) determine the work schedules for the employees of JM FOPO; and (c) control the finances and operations of JM FOPO.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of JM FOPO; (b) determine the work schedules for the employees of JM FOPO; and (c) control the finances and operations of JM FOPO, MICCO is an employer as defined by 29 U.S.C. 201 *et. seq*.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were "employers" within the meaning of

the FLSA.

13. At all times material hereto, Defendant, JM FOPO is, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant, JM FOPO, was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

15. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including, but not limited to: registers; ovens; gloves; computers; meat slicers; refrigerators; and telephones.

16. At all times material hereto, the work performed by Plaintiff was directly essential to Defendants' business.

## STATEMENT OF FACTS

17. In February 2020, Defendants hired Plaintiff a non-exempt, hourly paid assistant manager.

18. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours each week.

19. From at least April 2020, and continuing through April 2021, Defendants failed to compensate Plaintiff at a rate of and on-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek as a result of Defendants' pay practices which failed to accurately record and pay Plaintiff for his hours worked.

20. Defendants failed and/or refused to properly compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA.

22. Defendants knew that Plaintiff performed hours of work for their company, for which he was not compensated.

23. For example, Defendants required Plaintiff to attend training on his scheduled day off, and did not compensate Plaintiff for this time. Defendant also required Plaintiff to clock out prior to the end of his shift.

24. Upon information and belief, many of Plaintiff's pay and time records are in the possession of Defendants.

25. Defendants have violated Title 29 U.S.C. §207 the term of Plaintiff's employment, in that:

    a. Plaintiff worked in excess of forty (40) hours in many weeks during his employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendants failed to maintain accurate daily time records as required by the FLSA.

26. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiff for hours over 40. Defendants had specific knowledge of the hours worked, and that overtime would be owed if the hours were paid, but instead chose not to pay the hours at issue.

27. Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law.

28. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. To the extent Plaintiff's unpaid hours were not overtime hours, Defendants retained the benefit of that work, without compensating Plaintiff for the work performed.

30. It would be unjust to allow Defendants to retain the value of Plaintiff's work without compensating him for same.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff re-alleges paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32. From at least April 2020, and continuing through April 2021, Plaintiff worked in excess of forty (40) hours in several workweeks for which he was not compensated the statutory rate of one and one-half times his regular rate of pay, as a result of Defendants pay practices as described herein.

33. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

34. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

36. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relied deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

39. Plaintiff realleges and incorporates paragraphs 1 through 30 of the Complaint as if fully set forth herein.

40. In addition to the overtime hours over forty (40) per week discussed in Count I of the Complaint, Plaintiff performed work for Defendant for which he was not compensated, but which were not hours in excess of forty (40) per week, as a result of Defendants' pay practices described herein.

41. Defendants knowingly accepted the performance of, and retained the benefit of, the work for certain hours over forty per week performed by Plaintiff as a result Defendants' pay practices described herein.

42. It would be inequitable to allow Defendants to retain the benefit of this work without paying Plaintiff the wages owed for same.

WHEREFORE, Plaintiff requests a judgment entered in his favor against Defendants for actual and compensatory damages, and/or restitution, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## COUNT III
## WRONGFUL ENRICHMENT
## (in the alternative)

43. Plaintiff realleges and incorporates paragraphs 1 through 30 of the Complaint as if fully set forth herein.

44. In addition to the overtime hours over forty (40) per week discussed in Count I of the Complaint, Plaintiff performed additional hours of work for Defendants for which he was not compensated, which were not hours in excess of forty (40) per week as a result of Defendants' pay practices described herein.

45. Defendants knowingly accepted the performance of, and retained the benefit of, the work for certain hours up to forty per week performed by as a result of Defendants' pay practices described herein.

46. Defendants wrongfully retained the wages owed to Plaintiff for work performed for hours exceeding forty hours in a workweek.

47. It would be inequitable to allow Defendants to retain the benefit of this work without paying Plaintiff the wages owed for same.

7

48. Plaintiff files this claim in an abundance of caution, and in order to avoid unnecessary motion practice, although under Florida law, as the Middle District has recognized, there is no distinction between a claim for "unjust enrichment" and "wrongful enrichment." *State Farm Fire & Cas. Co. v. Silver Star Health and Rehab Inc.,* No. 6:10–cv–1103–Orl–31GJK, 2011 WL 6338496, at *6 (M.D. Fla. Dec. 19, 2011) (PRESNELL J.). As Judge Presnell noted:

> Several federal courts have drawn a distinction between "unjust enrichment" and "wrongful enrichment." These courts have reasoned that wrongful conduct which results in "enrichment" creates a cause of action in tort for the wrong committed, e.g., fraud, civil conspiracy, conversion. Unjust enrichment claims, however, are concerned solely with enrichments that are unjust independent of any wrong. According to this line of cases, when a claim for unjust enrichment is based solely on wrongful conduct, it must be dismissed in favor of a properly pled claim in tort. *See, e.g., Guyana Tel. & Tel. Co. v. Melbourne Intern. Comm'ns, Ltd.,* 329 F.3d 1241, 1245 n. 3 (11th Cir.2003).
>
> [Defendant] points out that this line of cases, although purportedly based on Florida law, is grounded instead on a single law review article that makes no mention of Florida law. *See Guyana,* 329 F.3d at 1245 n. 3 (citing *Unjust Enrichment and Wrongful Enrichment,* 79 TEXAS L.REV. 1767, 1783 (2001)); *Flint v. ABB, Inc.,* 337 F.3d 1326, 1331 n. 2 (11th Cir. 2003) ((citing *Unjust Enrichment and Wrongful Enrichment,* 79 TEXAS L .REV. 1767, 1783 (2001)); *State of Florida v. Tenet Healthcare Corp.,* 420 F.Supp.2d 1288, 1308 (S.D.Fla.2005) (citing *Guyana* and *Flint* ); *Group Assets, LLC v. Fortress Investment Grp.,* 2010 WL 2951508 at *4 (M.D. Fla. 2010) (citing *Guyana, Flint,* and *Tenet Healthcare* ).
>
> Indeed, it appears that no Florida court has ever made this distinction. *See, e.g., Golden v. Woodward,* 15 So.3d 664, 669 (Fla. 1st DCA 2009) ("An action for 'unjust enrichment' exists to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." (quoting *Henry M. Butler, Inc. v. Trizec Prop., Inc.,* 524 So.2d 710, 711 (Fla. 2d DCA 1988)); *see also Physicians Injury Care Center,* 427 Fed. App'x 714 (upholding a jury verdict on an unjust enrichment claim for fraudulent submission of PIP claims based on a "sham course of treatment"). In the absence of any Florida law on the issue, the Court declines to make such a distinction.

WHEREFORE, Plaintiff requests a judgment entered in his favor against Defendants for actual and compensatory damages, and/or restitution, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 4th day of November, 2021.

Respectfully submitted,

/s/ Angeli Murthy

Angeli Murthy, Esq., B.C.S.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954)-327-3016
E-mail:  amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

9

## **VERIFICATION**

I, **DEVAN FULLER**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.


Dated: 10/21/2021

*Devan Fuller*
**DEVAN FULLER**